Good afternoon, Your Honors. My name is Brett Schweitzer of the Federal Defender's Office. I'm here representing Mr. Lewis in this appeal. This time I'd like to reserve three minutes for rebuttal. It's granted. Thank you. Your Honors, there is one point of agreement here on appeal, so I'd like to start there, if I may. The government agrees that under this court's precedent that 3147 is not an offense of conviction and therefore says that the special assessment has to be redone in this case. Is that all that's required? Yeah. Does the conviction get expunged? Well, it's a bit more complicated for several reasons, Your Honor. If the court were to look at pages three and four of the appendix of the judgment, what the court here did was it, first of all, entered a conviction on 3147. It imposed a 42-month sentence on a purported conviction for that, and perhaps most importantly, it sentenced, the whole sentencing proceeded under the misapprehension that Mr. Lewis was guilty of two crimes, when in fact he's at the most guilty of one. So what needs to happen here, just to fix that error alone, is a vacater of both sentences of one conviction, a... I thought you'd only ask for that in the event and for the vacation of the special assessment in the event there was resentencing, and the government's come back and agree that you should get your $100, but they haven't come back and consented to vacating the conviction, and indeed there's a case cited that says, well, it's not a crime, so... Right. Well, I think that quite a bit more has to be done under the government's concession than changing the special assessment. Now whether the government says we can still doctor with the judgment and don't need to have a sentencing hearing, they may say that, but I don't think that's possible. There's a lot of work to be done, number one. Number two, under Diaz and this court's precedents, it's quite clear that when interdependent counts are involved like this and there's a vacater of a conviction of one of the counts, the default rule is a de novo resentencing. And I think what's important here is, so regardless of what this court is ultimately to decide on whether 3147 raises the statutory maximum, that work has to be done on remand. And it's quite possible that the court looking at this and saying, okay, now that I understand what's going on here in terms of whether there's two offenses, two crimes, one crime, the sentence may be different. So my recommendation to the court would be, and we would certainly be amenable to a remand here for a resentencing, in which case the district court, frankly, could have the first crack at the statutory issue, or this court could give directions on it. I mean, it would be kind of inefficient, wouldn't it, if we were to follow your advice and send it back and then say nothing about your sort of apprendi issue and then be back here all over again. I mean, shouldn't we, I mean, you've teed it up, we've got, we're here, shouldn't we just, if we need to send it back, send it back with discretion? Prater dealt with it explicitly. Absolutely, Your Honor. And I don't really have a strong view on that. And one of the best sentencing proceedings I've seen in my time. She was quite thorough, Your Honor, I agree with that. And I just want to be perfectly clear, I put that out there for the court. There is a sense, I think there's a sense that there's sort of two sides of this coin. There's the efficiency point, although this case may not be backed, depending on what Judge Prater does on a resentencing, number one. Number two, you know, there is the notion that the court wants to, you know, go ahead and decide the issue here. So that's the court's prerogative, but in any event, I think it's important to recognize that it needs to go back for a de novo resent. On the issue of whether the maximum is increased, isn't this a mirror image of apprendi? I mean, isn't this exactly what apprendi is talking about? There is a sentence and then there is a sentence enhancement. There it was for a hate crime. Here it's for committing another offense while on release. And indeed, apprendi said, you know, of course the enhancement calls for an increased sentence, but we can only do that if the jury's decided it. So the jury must decide any time you go above the maximum. And that clearly is what 3147 calls for, shall be sentenced in addition to, I mean it's called for an enhancement, but we had the jury decide it here. Why isn't this just squarely, apprendi says X, and that's what happened, and that's where we are. Given your Honor's premise, I absolutely agree. If it's true that 3147 raises the statutory maximum, which your Honor's looking and says, yes, it does. Well, it has its own statutory sentence. It says a person convicted while released shall be sentenced in addition to, to a term, not more than, and it will be consecutive. So that, in effect, says there is an enhancement that has its own sentence that is in addition to another sentence. You have 120 max here, you have 120 max more, and then the guideline says, but what you need to do when that happens is, you know, figure it out. I understand your Honor. I think we just want to be on the same sort of field here in terms of what the argument is. If, if the court were to decide that 3147, as you lay out, increases the statutory maximum, yes, there's an apprendi problem, yes, I agree with all of that. There's no, there's no argument there. This isn't an apprendi case. Apprendi is not triggered if there's no rise in the statutory maximum. If it's just an enhancement and it doesn't raise the statutory maximum for the offense, apprendi just doesn't apply. That's my argument. So I have the task of convincing you that 3147 does not raise the statutory maximum, and it doesn't for a couple of reasons. Okay. Number one, if we look at the structure of the statute, I'll just make this point real quickly because it wasn't in a brief, so I apologize for that. But this 3147 is part of the Bail Reform Act, which of course was part and parcel of the 1984 revision of the, of the criminal code that also includes the Centering Reform Act and so forth. Now, 3146 provides under the Bail Reform Act, the immediate predecessor section to 3147, that it's a crime to fail to appear for sentencing or for a trial or whatever else. Now- That that's a crime. That that's a crime. That's correct. Now the plain language in the Dyson case, the Rosas case, all cited in the briefing, quite clearly say that a 3147 enhancement applies when you're convicted of 3146. Now the problem with your honors and the government's reading of 3147 as raising the stat max, is then it takes all of the statutory maximums that are prescribed in 3146 and makes them meaningless. Because 3147 would immediately change the statutory maximum in every 3146. Well, not necessarily immediately change it. What it does is it says a court can go above. I mean, it's, it doesn't say a court must go above. It says a court can go above. Assume- But that's what the, that's what the case always is with the statutory maximum. I mean, it's not a mandatory minimum, your honor. My point is simply this. If 3146, which it does, says that the statutory maximum for failure appears 10 years, and 3147 applies in every 3146 case, it's never true that 3146 has a 10-year maximum. How can that be? It just doesn't make any sense. All right. This isn't, this isn't set forth in the brief, you know. Right. And I don't have 3146 in front of me. I'm just- Okay. Your, well, your honor, that's, that's, that's one aspect of needing to look at the structure of the statute. Well, but that's huge. If you're saying that 3147, are you saying 3147 doesn't apply in this situation? No, you're not saying that. No, no, no. I'm saying 3147, what it does is it provides for a consecutive additional punishment within the statutory max for the underlying offense. Well, that doesn't really make a lot of sense to me because there are statutory maximums for, of two years. You've got drug quantity crimes that say, you know, for a Schedule 5 controlled substance, max is two years. So, are you saying that if somebody's arrested and they're convicted on one of those, for one of those crimes for which the statutory maximum is two years, but district court says, well, I want to give you the maximum, plus you're out on probation, so I want to, I want to hit you harder, that the court is bound to ignore the 10 years extra it could give under the statute and just say, ah, 3147, that really doesn't mean anything here. I can only give you up to two years. No, Your Honor. I call those the sort of no room cases. In other words, you're positing a hypothetical where the district court wants to send us to the otherwise applicable statutory maximum and then runs out of room for the 3147. Yeah, which could happen. There are two points on that. First of all, as the government suggests and I agree with, those are quite the rare cases. This is an unusual case where the stat max. Rare or not. Yes, that's true. And what 3147 really means at the end is that Congress wanted a, someone who committed offense while they were on release, to be sentenced harshly near the statutory maximum. And that's. Where do you get that? Why do you say near the statutory max? Because when I read 3147, I don't see anything in there about, we want you to do this near the statutory max. It says, if you're out on release, you can get hit for another 10, up to 10 years. And what the sentencing commission says with respect to that, again, looking at the legislative history, because this is the important backdrop here. The legislative history of 3147 itself talks about what the statute does and it says it is, it prescribes a penalty in addition to the sentence that's ordered. Sure. That's assuming that there's a guideline sentence. And here the guideline was 140. What if I sentenced on the initial, the underlying offense to the maximum? That then there are some peripheral cases in which what would happen was you would, you would be required as a district court judge to sentence to 139 months or 119 months on the offense and one month on the 3147 portion of it. So your, your assertion is that the sentencing guidelines trump the statute? Not at all, Your Honor. Well, that's what it sounds like. If what you're saying is that a district court judge who wants to sentence to the maximum is unable to sentence to the maximum, not because there's not room in the statutory scheme to do it, but because the sentencing guidelines in your view say you can't do it. If that's not trumping the statute with the guidelines, what is it? I apologize, Your Honor. I think you've misarticulated my argument. I think what the point is, is that the issue is what 3147 does. And what I'm putting to the court is 3147, 3147 says it's not, it's quite unlike the situation where the prototypical situation, a 924C, where you have a mandatory minimum and a consecutive sentence. There's no dispute there that what happens is the overall sentence can be above the statutory maximum for, say, a 922G or something, if there's also a 924C involved. Now what's important is 3147 originally had a mandatory minimum. And that provision, a two-year mandatory minimum and a 10-year maximum, and that provision was stripped out by amendment in the 1984 Act. And it was done so, quote, according to the Senate report, quote, in favor of utilizing the sentencing guidelines. So what we had here was, in this unique era of enacting the SRA, enacting the Bail Reform Act and everything else, Congress said, okay, for an interim time, we're going to have a statute that requires a two-year minimum for a bail, for someone who commits an offense on bail, and a 10-year maximum. However, once the guidelines kick in, the guidelines are going to control these. So if we put a whole bunch of stuff into the statute, I mean, if we start with 3147 and it looks unambiguous to us, ought we be delving into the 1984 Bail Reform Act statutory history? I mean, if 3147 says, in addition to the sentence prescribed for the offense, you shall be given a consecutive sentence than any other sentence of imprisonment, that could be up to 10 years, and I'm paraphrasing a little bit here, obviously. Why would we need to go past what that language says? And if they intended to cap it at the mandatory for the underlying, it could have been put in. Well, Your Honor, I'll be the first to admit that the text of the statute could be read, in my view, it could be read either way on this point. Now, that doesn't mean that you just sort of throw up your arms and say it's hopeless, and it doesn't mean that it can only be read to suggest that it has to go above the statutory maximum. I mean, what the Commission here did, and I'm not talking about guidelines, trumping statute, or anything else, what I'm talking about is the Commission looked at this statute and said, what do we do with this statute? That's essentially what it did. And in 1987, when it first promulgated the guidelines, it promulgated a Chapter 2 guideline as though this 3147 were an offense that you could be sentenced on in addition to another crime, just what the District Court did here. And two years later, the Sentencing Commission said, wait a second, we got this wrong. Looking at the legislative history, this isn't what this is about at all. And then the Commission said, in order to implement 3147, all 3147 requires not a raising of the statutory maximum or anything else. All it requires is three things. Number one, you calculate the baseline range for the offense, the actual offense here. You add a three-level enhancement. And then you cap the overall sentence for both the 3147 portion and the offense portion to the top of the range for that enhanced offense, the plus three. No longer any discretion on the District Court's part to be able to look and say, hey, you're a serial offender, I'm going to give you everything I can. I mean... And the judge can give them everything they can within the statutory maximum. I guess now we're playing a put-the-rabbit-in-the-hat game, though, Mr. Schweitzer, because to say he can give them everything he can or she can give them everything he can up to the statutory maximum, of course, is to beg the question. The question is, what's the statutory maximum? If 3147 is to be given effect and District Court judges are to be given the discretion that Booker tells us they're to be given, the District Court judge ought to be able, ought he or she, to say, I'm giving you the maximum and I'm going to use 3147 to enhance. No, Your Honor, just because I know we're disagreeing with what the statutory maximum is, but we can't say. I think perhaps maybe we're both trying to put the rabbit in the hat, but what we have to do in the situation where we say, what's the statutory maximum? We have to say, well, let's look at the legislative history. Let's look at, just as instructive, it's not controlling, what the Commission has said the statute means, and use all the normal tools we have. Does it... It can't be what you're saying, though, can it? Because otherwise, when you have a statutory maximum of two years, it's nonsense to talk about giving somebody an extra 10. Right? I mean... Well, I think that cuts in our favor, Your Honor, and here's why. Because what... Does it make sense if 3147 is, as the government and as the Court has suggested, raises the stat max by 10 years? Does that really make sense for a... Does it make sense for Congress to have raised the statutory maximum for, for instance, evading child support over $5,000? That's a two-year maximum under the Title 18 in the U.S. Code. Does it make sense that they would have, that Congress would have raised that to a 12-year maximum based on having done that? Well, I'm sure they wanted to penalize the Commission of the crime while on release. That's correct, Your Honor, but what I'm... And penalize it partially, which is why they used the word additional. And why wouldn't, and why wouldn't Congress have said in, in number one, a term of imprisonment up to the, the statutory maximum for the under, you know, additional term of imprisonment for the remaining portion up to the statutory maximum? What's your best authority for the proposition that 3147 additional term is capped such that both have to fit within the statutory maximum for the underlying? What's your best authority for that? Well, Dyson says that it rejected an apprentice challenge based on the fact that the sentence can never be above the statutory maximum. Well, that's a case. I'm sorry? That's a case. That's another court. Do you have a stat, what's your statutory... Oh, statutory authority. Okay. Well, I think the statutory authority that I would rely on is the, the, the, the text of the statute in the legislative history. Now, the text of the statute, let me, again, let me juxtapose it with 924C. When you have a typical situation where you have the raising the stat max, what does the, what does Congress usually say? Well, in 924 they say the defendant shall, in addition to the punishment provided for, that's the traditional language for raising the statutory max. Well, this says in addition to the sentence, sentence prescribed. That's right. And I think, Your Honor, that the focus on the sentence differentiates us from taking it to what's happening at the sentencing proceeding, not what's happening elsewhere in Title 18. Do you know why you have a problem here? Because your client is in a criminal history 5. If there was a statutory max for the underlying offense of 40 years, you know, wouldn't have this problem. The issue would not have come up, Your Honor. The issue would not have come up. But you've got, you've got this, this crime, the underlying offense guidelines weren't that high, but you're in a criminal history 5. In the great majority of cases, you take your, your guideline range, still you can fill in another 10 years on top of that and still with it, be within the statutory max of the underlying offense. I absolutely agree, Your Honor. I would just suggest that we don't take the rare case and use the rare case to inform the statutory analysis. We have to decide the rare case. We do have to decide the statute, you're absolutely right, Your Honor. And the guideline minimum here is 140. That's correct. And there's often times when guidelines drive above statutory maximums. My only point, Your Honor. Sure, then you can't go above the statutory maximum. Great. And my only point, Your Honor, is just that I don't think the aberrational situation should be the driver for determining what 3147 means. And in any event, I believe, as I said at the outset, the case needs to be remanded for a re-sentence. See, my time is up. I'll see you. Thank you for reminding me. Thank you, Your Honor. Good afternoon, Your Honors. May it please the Court, Robert Zosmer on behalf of the government. Judge Barry, I think that's a very good observation. The reason we get a case like this is because, and this is a very rare case, there's really no published decision that deals with the situation where the guideline sentence wound up above the statutory maximum for the underlying offense. What this is targeted at is the worst of the worst. What Congress wanted to assure here, clearly, is that someone who is on supervision, who's been ordered by a court on pretrial release, who goes out and commits another crime, should be subject to more punishment. And you have someone like Mr. Lewis, who, at least in the range of felons who possess ammunition, was the worst of the worst. In terms of, I think Judge Prater called his criminal history fearsome at the age of 23, having started at age 11, and then commits this offense. If it's really all that clear, then why does the Sentencing Commission read it the way Mr. Schweitzer describes? I completely disagree that the Sentencing Commission does read it any differently from the way I've suggested. If I could start first, Your Honor, with the main argument that I want to make, and I'll The statutory language is unambiguous. This is as explicit an example of statutory language as I could hope to find in an appellate argument that the person shall be sentenced, in addition to the sentence prescribed for the offense, to a term in prison more than 10 years. Now, the Sentencing Commission cannot change the statutory maximum. Maybe they could give us guidance and advice, but it's this Court's obligation to define what the statute means, and nothing the Sentencing Commission can say can change that. Now, in fact, the Sentencing Commission has not said anything. The Sentencing Commission is on a different page. What the Sentencing Commission's job here is to come up with a recommended guideline sentence, and it does that consistent with the way that it handles every sentencing, which is it seeks to achieve Let me ask you a very specific question, Mr. Zosma. You heard how Mr. Schweitzer described how the guideline works. You add three, you cap it, you attribute that part of, you know, the bump part to the behavior while on release, you're done. And all that anticipated to be within the statutory max of the underlying offense. Do you agree or not agree with that description that was given by your opposing counsel? I disagree. The last clause that Your Honor stated, and do it within the statutory maximum for the is nowhere found in any commentary of the Sentencing Commission in any language. What the Commission is doing is what it always does. It's looking for a way to come up with a single guideline range for all the offenses of conviction. That is what the sentencing guidelines do. You could be convicted of two offenses, you can be convicted of 30. In the end, it achieves a single guideline range. And so what the Commission is doing is it's saying, here's how you do it in this situation. You figure out the guideline range, you add three levels. It says nothing about the statutory maximum. In fact, I'm sure the Commission would assume that you will then impose a sentence within that range as long as it's within the statutory maximum. That doesn't answer the question before this court, which is, what is the statutory maximum? What answers the question before this court is the explicit unambiguous language of Section 3147. Speak if you would to the Samuel and Dyson cases that are in the briefing and that have been pushed on us here. In fact, you both disagreed pretty strongly in the briefing about what Samuel means, and they had the last word on that in footnote two in their reply brief. So why don't you take that on it? Honestly, with respect to my friend Mr. Schweitzer, I've read footnote two a number of times and I'm not quite sure what it means. I've read Samuel a number of times and I do understand it. It's a case in which, again, the guideline range was below the statutory maximum for the underlying offense. And so there was no reason to reach the question in this case. And the D.C. Circuit spoke very carefully. The quotation is, where a defendant has not been separately convicted of an offense under 3147, but instead has merely had his offense level increased, then you're within the maximum for the underlying offense. We agree. That's Apprendi. That's Apprendi 101. So Samuel does not address the situation before this court, which is, as I said, a very unusual situation. Dyson simply copies that language from Samuel out of context in the same way the defense does. It's pure dictum because Dyson, once again, is a case in which it didn't matter. The guideline range with the three levels was below the statutory maximum for the underlying offense. So – and Dyson isn't even about this issue. It's about a different issue altogether involving – They say what they say, though. They say what they say, and we disagree. With all respect to the Fifth Circuit, we disagree and we don't advocate that this court adopt that position because the statutory language here, when we now really have to confront it, is very, very clear. Let me just comment, if I may, on a couple new points that my colleague raised, one regarding Section 3146, to the extent that you're interested in that. 3146 is a separate crime for failing to appear. That's the crime. Failing to appear or failing to serve a sentence while on pretrial release. There's nothing inconsistent about adding 10 years to that if you not only fail to appear, but while you're failing to appear, you commit another offense. That's 3147. So I'm not sure what the analogy is here. Well, I think if I understood, then Mr. Schweitzer will speak for himself, but I thought I understood him to be saying, by definition, you're, by not appearing, you're committing the offense and that's a 10-year cap. So it couldn't possibly mean that 3147 adds 10 years to that. Like a double count? It's a double count. So that's what I understood him to be saying, and I don't hear you speak into that directly. Right. Now, if that were the case, and I don't know of any case, at least in this circuit, where the government has charged that, but if that were the case, that the government charged both 3146 and 3147 in order to pile on, you would have an issue. I think that would be a block burger issue as to whether you had a double jeopardy problem and whether there's any different element. We have one case. There is one case on that, that the fact that you hadn't appeared, but by definition, you were out on release. You were out. So there was a double jeopardy question raised in case, I can't remember, it's in the paper somewhere. Well, it hasn't been briefed here, but my guess is that it could be done. I think the government might be well advised to exercise its discretion not to do that. But the ordinary 3146 case is simply failure to appear, and that's where it's entirely appropriate if you're not only failing to appear, but committing yet another crime to use 3147. Right. So it doesn't speak to the plain language here at all. How about the argument that was made right at the get-go that it's not enough for the having a $100 special assessment here? Because the district court sentenced for two offenses when 3147 is indisputably only an enhancement and not a separate criminal statute, it has to go back for de novo resentencing in its entirety. What's your response? I disagree with that, Your Honor, and I think it's quite a reach to ask for de novo resentencing in the hope that there'd be some lower sentence than 138 months. The district court did it correctly, except because of the DePasquale decision in this circuit, except for that $100 special assessment. To some extent, 3147 has to be treated separately. The statute says the sentence for that part of the wrongdoing has to run consecutively, and the Sentencing Commission recognizes that by saying that take part of it and delegate it to the 3147 part. So at that point, you can call it whatever you want. Here it's called count three. But that can make a difference in the mind of the district court. I mean, if I was a district court judge and sentencing for two separate crimes, I might view it differently than if I realize it really is to enhance another sentence and not a separate offense. So why not let the district court say, no, it doesn't really matter to me. I'm going to sentence exactly the same way, or, well, since it's not an additional crime, I'm going to be more lenient. Well, first of all, I'm not sure that that's really the issue presented in this appeal, where the issue presented from the beginning has been a sentence in excess of the statutory maximum. Well, it is the issue. If we're going to send it back, Mr. Zosima, we've got to send it back with instructions. We can't just say, take this back and do whatever you want with it. We've got to give some kind of idea of what's the right way to proceed, what we perceive is the proper step forward, right? Sure. And the answer here, the substantive answer, this is what's informed by Apprendi. Apprendi, what the Supreme Court tells us, is that when you have a sentencing enhancement, and it's a fact that increases the statutory maximum above the statutory maximum that would otherwise apply, it must be treated akin to account and akin to an offense, no matter what you call it. Right. And the district court did that. And the district court did that. And that's why the district court did not do anything wrong in seeing what was before it. What was before it was a felon in possession offense enhanced by the failure, by the commission of the crime while on release. There's nothing here that misled the district court as to the severity of what it was dealing with. And that's, I guess that's really a question, isn't it? I mean, you're saying there's nothing, but if in fact it is the case that this is an the district judge does whatever she decides she's going to do, is it nevertheless error to go through the sentencing procedure in a way that treats this as a count of conviction? I mean, in all the time in guidelines cases, we're saying process matters. The district court is treating it as a sentencing enhancement that is akin to account. And the Supreme Court... Wait, wait, wait.  It's treating it as akin to account. It's in the judgment of conviction. It's conviction. No, that's correct. But what the Supreme Court says in Apprendi explicitly is that labels don't matter in this context. What matters is you've increased the statutory maximum and it must be treated as a count. Well, that's for purposes of requiring process and requiring due process. Labels don't matter. It's what happened to this person. And that is the statutory maximum was increased. Well, if these things, if process does matter, then the district court did sentence for two crimes and should have, by virtue of acknowledging the special assessment goes away, you're acknowledging should not have been convicted of that second crime as a crime. And the district court erred in sentencing for two crimes instead of one. And my answer is that if you read the exhaustive sentencing record, I think as Judge Berry referred to it and what Judge Prater made clear at every step of what she was doing, I don't think there can be any doubt in reading the record that she treated 3147 exactly as it should be. Then she'll do the same thing when it goes back? But that makes it harmless. In that sense, on appeal, I don't believe that there's a reason to remand it for that to happen when she's made it abundantly clear that she understood that she was imposing that part of the sentence because of exactly what 3147 addressed. We would be vacating the conviction. Correct? I don't even understand Mr. Lewis to have been arguing until now that there should be a full re-sentencing. At best, the argument until now was that if there is a re-sentencing, there should be a vacating of the second $100 assessment and a striking of the count of conviction, 3147 count. I don't understand until today that there's ever been an argument made that the district judge should have a de novo re-sentencing. In other words, I would suggest it not having been raised in the papers, the argument is waived. Well, I agree with that and that's what I said before. I don't believe the words de novo re-sentencing appear. I would hope that I would have responded to that if it had in the briefing. The issue here has always been what the total sentence could be and what the statutory maximum is. But again, I just want to make my position clear that I'm not even sure that it's necessary to vacate the count because again, it's appropriate when you have a sentencing enhancement factor that has to be submitted to a jury. There is nothing wrong with calling it a count. There is nothing wrong with that. That may be the case that there's nothing wrong. It may be, and I think you've conceded, there are other ways you could proceed to put this in front of a jury. Right? You could put this in front of the jury without charging it as a separate count. You could do it using other techniques, a bifurcated trial with a jury questionnaire or something like that, right? Well, it needs to be in the indictment. And in the indictment, I assume you put some header on it. Right, but not as a separate count. It could be called a factor, it could be called an enhancement. Right, sure. The way you do with drug cases, right? Well, drug cases, we include it in the same count. It's actually part of the count for quantity. Yeah. My point, I think, which is you didn't have to do this as a separate count. Having chosen to do it as a separate count, that's done and gone, and I don't know that anybody's arguing, or at least if they are, not persuasively, that it didn't need to get in front of the jury in some form or fashion. The question is, having gotten there and the jury having decided it, what's the correct procedure at sentencing? And I understand the government to have conceded it's not to sentence as if this thing which were charged in the indictment was a crime, because it isn't. It's an enhancement. So if the government concedes it's not a crime, how can it be proper for it to be, in the process of the sentencing, treated as a count of conviction? Well, here's why, Your Honor. 3147 explicitly says, and the Sentencing Commission agrees, you have to allot a term of imprisonment to the 3147 factor. And thus there's no harm and no prejudice, no nothing, when the court says, and therefore I'm giving you 42 months, I think in this case, because of 3147. This is not a case in which a court is saying, I'm sentencing you for five counts and really you are only convicted of two. So it really is a harmless error argument you're making. It is, look, even if it's error, it doesn't make a witted difference because the only thing that happened is she, the district judge, was telling you what was attributable to 3147. Although it shouldn't have been labeled as a count, that's what was being done. Right, and here's why. Everybody has to agree that a term of months had to be applied to 3147. And once we agree to that, we're in the exact same situation as what we were talking about with regard to the indictment. Does it matter in the indictment if it's called count or if it's called factor? And I think we all agree, or enhancement. I think we all agree it doesn't matter as long as it's in front of the jury and the jury makes its decision beyond a reasonable doubt. It's the exact same question before the court of sentencing. I've got to assign months to the fact that 3147 is in play here. And if I call it a count or I call it an enhancement or I call it a factor or I call it an armadillo, it doesn't matter. There's no harm here at all. Most conceivably, one could argue that the fact there's another count of conviction in the J&C could have collateral consequences for Mr. Lewis when he gets out in some way that hasn't been argued to us. I'm not sure what there is. We know of one because you're agreeing there's a hundred bucks that ought to go away. Supervised release term is concurrent, so I don't know. Conviction should be vacated. We have no objection to saying, however still, the interesting thing is once you vacate the conviction on count three, if that's what happens, the court still has to say, I'm applying a certain number of months to 3147, it has to call it something. Right back where we started. You're asking us to ignore, to treat as a nullity, a federal criminal conviction. I mean, most people would think being convicted of a federal crime is a pretty serious thing and they would want to not be convicted of a crime which doesn't exist. No, I'm asking you to treat the 3147 quote conviction, if that's what it is, as exactly Why are you saying if that's what it is? It's in the J&C. I'm saying treat it as exactly what the Supreme Court told us it has to be treated as, which is as a finding of a fact that increases the statutory maxima. The Supreme Court said it doesn't matter to us whether you call it a count or not. You have to submit this and that's what we did. That was, as Judge Rendell said, okay, we're disarguing now, I guess, academically. Judge Rendell's pointed out that was in the context of a pretty where they're saying you've got to get it in front of the jury. I would be a little surprised and I would have thought you would too, Mr. Zosmer, if the Supreme Court ever said, you know what, it really doesn't matter if you're convicted of a crime that's not a crime. I mean, that's in the end what you're saying to us. It's a conviction, it's on the record, it's in the order, and you're telling us don't worry about it. Absolutely not. I am saying that he is convicted, consistent with Apprendi, of a finding under section 3147 that he committed this offense while on pretrial release. There's no such thing as a conviction of a finding. That is a valid conviction that's required by constitutional law. Why don't we require her, instruct her to change the word count to finding, just a finding. Or enhancement, absolutely. Enhancement. But the judge would require, it would require sending it back with an instruction to vacate a conviction and re-sentence in the way you think is appropriate to take account of 3147 without a separate freestanding conviction, right? Right, but my objection is I disagree with the notion of de novo re-sentencing, where the district judge plainly understood what this was and sentenced consistent with the law. Well, you say that, but there was a conviction here. So, I mean, I'm putting myself in the shoes of the district court. It could be that it comes back and we say, oh, but of course you knew what you were doing and you didn't care whether it was a crime or not and you did it right and you did it as if it was an enhancement. And a district court judge might say, you know what? I thought there were two crimes and I treated 3147 as a crime and it makes a difference. I'm going to give three months less. For one, I don't understand my colleagues. It seems to me she was very specific about the amount of time she gave for whether you call it a factor or a crime under 3147. I don't know what there is to revisit. And I obviously agree and I know that your colleagues haven't reached a final decision yet, so hopefully in the deliberations. Because we all do that together. That's right. That's how it will come out. But no, I do think it's very clear that the judge treated this the way it was required to be treated under the federal constitutional law. And that there's simply no error here except that there's this $100 special assessment. The last thing I want to say, I know your honors have given me a lot of time, if you're even interested in hearing it, is that we've been criticized for not addressing the quote legislative history about what the statutory maximum really is. There is an answer to that if you go back into the 1984 law that clearly confirms, just like everything else, that this statute is increasing the statutory maximum by 10 years. I can address that if you'd like me to take a couple minutes or I'm happy to rest on what I've said to this point. I just have one question. Your friend has argued about the enhancement being a double penalty. Why did they put the enhancement in? Why is the 3C 1.3 enhancement in the guidelines when the defendant will also get the 3147 sentence? Well, again, they're not different. And this is inviting me, actually, to talk about how this came about, if I could just take a minute. 3C 1.3 is not supplanting 3147, it's executing it. It's doing, as I said before, what the guidelines... It's like twice, though. It's a little bump up. But it's not. It's doing what the guidelines always do, which is taking statutory penalties and translating them into levels that then get accumulated. So once you have the three levels, again, it doesn't have anything to do with statutory maximum. The only question becomes, is it within the maximum that's allowed by law, but it comes up with a single guideline range. Here's what happened, if I could just be really quick about it, because it was said in the reply brief that we didn't address the legislative history. This was adopted in 1984, and in 1984, Congress first adopted 3147 and put in a mandatory minimum. If you look at the statute that's in front of you, the only words that were different, where it says a term of imprisonment of not more than 10 years, it originally said not less than two years, and not more than 10. So it had a mandatory minimum of two years in addition to the underlying offense. In the very same act, Congress passed the Sentencing Reform Act. And what the Sentencing Reform Act did, among a million other things, was it amended the 3147 that had just been adopted, and said when the sentencing guidelines go into effect, it turned out would be in 1987, three years later, take out not more than two years. So what they were doing at that point is they were saying we then expect the sentencing commission to handle our desire for there to be additional punishment. But it's explicit in this first act that Congress meant for there to be additional punishment. When there's no guidelines, they accomplished it by having a two-year mandatory minimum. They then trusted that the commission would do its thing, and the commission did. It did it through the three-level enhancement. That's the answer. And that's how the 140, that's how the range came here, considering the three-level. Right. And then the only issue that was presented in the briefs, and was presented in the appeal, is is that 140 a lawful sentence? And the answer is it is, because we have a 20-year statutory maximum in this case. Now the other, the final thing I'll say is that the other reason we know that Congress wants there to be extra time here is normally, in the Sentencing Reform Act, when it wanted the sentencing commission to give weight to some factor, it just said so. You're all familiar with Section 994, Title 28, which lists all the considerations the sentencing commission should take into effect. If he's a career offender, if he assaulted somebody, if he did this, if he did that, make sure you account for that. And in fact, one of the things that's in there is if he committed the offense while on pretrial release. If that's all they wanted to do, if they wanted to keep it within the original statutory maximum, that's all they needed to do, is give an instruction to the sentencing commission that says, make sure that you've accounted, but they wanted more. And that's why they adopted the mandatory minimum and then left the rest of it in place. And so again, to go back to the main argument we've had, it's something that the district court has to account for in its sentence, whatever it calls it. It has to, if it has to give more time that's attributed to this factor, it has to run it consecutive. And so we would say it doesn't matter what label is given, the district court understood that and it did it right. Thank you very much. Thank you. Mr. Schweitzer. Thank you, Your Honors. I'd just like to clear up any confusion on this issue of was something preserved or what our argument is in the briefs and so forth. What we had argued from the get-go here was that there was a sentence above the statutory maximum and inconsistent with the guidelines. And inconsistent with the guidelines meaning this thing was treated as an offense. That's what our argument has been ever since the blue brief, that this is not an offense under the guidelines interpretation and so forth. Our requests for relief are all for just a resentencing, not for some limited correction of the judgment. It's not until the government came to the court in the red brief and said, the only thing that you need to do in this case is have a clerical error corrected on the special assessment. Then it was incumbent upon us and that's what we asked for in our gray brief, a resentencing. That's what our prayer for relief asks for. And my introductory comments here, Your Honor, Judge Barry, were just intended not to sort of switch the relief we're asking for but to suggest to the court that if the court were not interested in dealing with what at least I thought is a thorny issue, it would certainly be within the purview of the court to send it back and let Judge Prater deal with it. However, if the court wants to address it, that's fine. But there was no waiver here. We've been saying all along there's a problem here because it exceeds the stat max and Judge Prater, again, not through any fault of our own, we're here on plain error. I fully admit that. But the fact of the matter is Judge Prater wasn't aware of DePasquale, was not aware of how to handle this in terms of is it a crime or is it not. But you didn't, you asked for resentencing within the statutory maximum. You didn't request if we were to disagree with your legal position, nonetheless, she should. What we asked for is, and I'm just reading the blue brief, page 27, resentencing within the 120-month statutory maximum and in accordance with the procedures set forth in the guidelines. That's what we asked for, Your Honor. And I think we echo that in the gray brief. And in reality, I take my colleague's position at the end of the colloquy to be that, yes, a conviction can't stand, that maybe some other tinkering with the words could happen or something like that. I fully would reinforce my original point, which is there's nothing to be afraid of here. Judge Prater can take a look at this, decide if anything would change or not. And if it doesn't change, she's welcome to fashion an appropriate sentence in line with what this court decides. However, we shouldn't be preempting that. You wouldn't be taking the position that a de novo sentencing, quote-unquote, means, wait a second, we have to have a full hearing, we have to have the opportunity to put on all the evidence we put on before, et cetera, are you? All of the enhancements that have already been ruled on, that's not an issue. That's not an issue. I mean, under, as far as my understanding, that's all of the case at this point. We're not reopening all of the guidelines, calculations, and so forth. However, under- What would you expect are the differences? Judge Prater could certainly look at this and say, it does mean something to me that this is not two convictions here, that this is not, that these are not two crimes. And Judge Prater could say, you know what, no, I think I got it right, I'm just going to repartition this, I'm going to relabel it, or whatever. But that's the district judge's purview, in my opinion, and I think that it would be appropriate to permit her the opportunity to have a word on that. Thank you, Your Honors. Thank you. The case was very well argued. We'll take it under advisement.